Neal E. Costanzo (SBN 122352)
Costanzo & Associates
A Professional Corporation
575 E. Locust Avenue, Suite 115
Fresno, California 93720
ph.(559)261-0163
fx.(559)261-0706

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ARIEL ELIA, individually and as Successor Trustee to the Alan Elia Declaration of Trust Dated March 18, 2002,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ROBERTS, an individual; TEXAS ENVIRONMENTAL PRODUCTS, INC., a Texas corporation; and TEXAS ENVIRONMENTAL PRODUCTS, a partnership, joint venture or other form of business organization unknown, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 1:16-cv-00557-AWI-EPG<br><br>**PLAINTIFF'S BRIEF ON WHETHER BIFURCATED TRIAL OF PROBATE CODE §859 ISSUES ARE TRIABLE BEFORE THE COURT OR A JURY**<br><br>Trial Date: October 31, 2017<br>TIME: 8:30 a.m.<br>DEPT: 2 |

## I. INTRODUCTION

On October 23, the court ruled on motions in limine and the motion to bifurcate by the Defendant. It reserved the issue of whether the bifurcated trial on issues under Probate Code §859, specifically, whether Defendants, or either of them, acted in bad faith in wrongfully taking or disposing of money owed to a trust and allowing for the doubling of damages awarded and an allowance of reasonable attorney's fees and costs. Plaintiff submits the following in support of the request that the bifurcated trial proceed before a jury as opposed to the court.

## II. ARGUMENT

A. THE RIGHT TO JURY TRIAL EXISTS EVEN IF UNDER STATE LAW THE ISSUE IS NOT JURY TRIABLE IN THE STATE COURT AND IF THE ACCOUNTING IS ONE TO DETERMINE THE AMOUNT OF MONEY OWED IT IS A LEGAL CLAIM FOR PAYMENT OF A DEBT THAT IS JURY TRIABLE.

In a diversity case, the right to jury trial is determined by federal, not state law and the question is simply whether the claim is legal or equitable. If the claim seeks damages it is legal and jury triable. (*Simlar v. Conner* (1963) 372 U.S. 221, 222; *Tull v. United States* (1987) 481 U.S. 412, 421). The right to jury trial exists even if the right arises under a state law that is not jury triable in the state court. (*Gibson v. KAS Snack Time Company* (8th Cir. 1996) 83 F.3d 225, 230; *GTFM LLC v. TKN Sales, Inc.* (2nd Cir.2001). 257 F.3d 235, 238-239; *Byrd v. Blue Ridge Rural Electric Co-op Inc* (1958) 356 U.S. 525, 538 (federal law controls the issue even in cases where federal court is enforcing state created right and even when the state statute would preclude a jury trial in state court).

An accounting, of course, is the first cause of action alleged in Plaintiff's complaint, simply because the complaint was filed in the state probate court and is a petition under Probate Code §850 which can only be brought in the Probate Court where there is no right to jury trial whatsoever. (Probate Code §825). An accounting is an equitable action and is not jury triable. (*SEC v. Jasper* (9th Cir. 2012) 678 F.3d 1116, 1129-1130). But, where the plaintiff seeks damages, either party may demand a jury trial, even if those damages are merely incidental to equitable relief (*Dairy Queen, Inc. v. Wood* (1962) 369 U.S. 469, 470; *Gibson, supra*). A money claim cast in terms of a "accounting" rather than terms of an action for a "debt" or "damages" is not purely equitable. In *Dairy Queen*, plaintiff sought an accounting to establish the amount of damages owed in a breach of contract action, where the contract in question was a license agreement for the plaintiff's trademark. (369 U.S. at 473-75). The Supreme Court held the defendant was entitled to a trial by jury because although the plaintiff's claim was for equitable accounting, a Constitutional right to trial cannot be made to

depend on the choice of words used in the pleading casting a claim to recover money for breach of contract in terms of an accounting rather than in terms of an action for a "debt" or "damages." The alleged right to an accounting cannot change the character oF a claim that ultimately seeks money from a legal one to an equitable one. (Id at p. 476-78).

After *Dairy Queen*, it is clear that a claim for an accounting of profits, or money due under a contract is to be treated as the equivalent of a claim for damages for purposes of determining whether there is a right to a jury trial. (See Sid and Mary Krofft Television Products Inc v. McDonald's Corporation (9th Cir. 1977) 562 F.2d 1157, 1174-75 (holding plaintiff's had a right to trial by jury on its claim for an accounting of profits in an infringement action). Plaintiff's accounting claim is no different from the trademark accounting claim in *Dairy Queen*. Plaintiff seeks an accounting to determine the amount of money owed and judgment in that amount, and therefore seeks recovery on a debt or damages. The fact that the doubling of damages and attorney's fees awards are only available pursuant to a state statute which expressly denies the right to a trial by jury does not change the nature of the relief sought. Plaintiff seeks under PC 859 the doubling of any damages awarded by the jury. The 7th Amendment clearly applies to statutory actions if the ultimate relief sought is money or damages. (*City of Monterrey v. Del Monte Dunes of Monterrey Ltd.* (1999) 526 U.S. 687, 707-708). Plaintiff is entitled to a jury trial on its claim for the damages made available by Probate Code §859. (See Addias America Inc. v. Payless Shoe Source, Inc. (D.Ore. 2008) 546 F.Supp.2d 1029, 1087-88).

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the bifurcated trial proceed before the jury as opposed to the court.

//

//

//

1 | Dated: October 27, 2017

COSTANZO & ASSOCIATES

By:  /s/Neal E. Costanzo
Neal E. Costanzo

PROOF OF SERVICE

The undersigned declares:

I, Julia Sellers, the undersigned, declare that:

I am employed in the County of Fresno, State of California. I am over the age of eighteen years, and am not a party to the within action. My business address is 575 E. Locust Avenue, Suite 115, Fresno California 93720.

I am familiar with the regular mail collection and processing practice of said business, and in the ordinary course of business the mail is deposited with the United States Postal Service that same day.

On this date, October 27, 2017, I served the foregoing document described as:

**PLAINTIFF'S BRIEF ON WHETHER BIFURCATED TRIAL OF PROBATE CODE §859 ISSUES ARE TRIABLE BEFORE THE COURT OR A JURY**

on all parties to this action by causing a true copy thereof to be:

- ( )  Telecopied Via Facsimile
- ( )  Placed in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing mail
- ( )  Delivered by Hand
- ( )  Sent Via Overnight Delivery (see below)
- (X)  Sent Via Electronic Mail (email)

as addressed below:

Marshall Whitney
Kelly Lowe
McCormick Barstow, LLP
7647 N. Fresno Street
P.O. Box 28912
Fresno, CA 93729-8912

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 27, 2017        By:      /s/Julia Sellers
                                        Julia Sellers