McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Marshall C. Whitney, #82952
  *marshall.whitney@mccormickbarstow.com*
Kristi D. Marshall, #274625
  *kristi.marshall@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:     (559) 433-2300

Attorneys for JOHN ROBERTS and TEXAS
ENVIRONMENTAL PRODUCTS, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ARIEL ELIA, individually and as Successor Trustee to the Alan Elia Declaration of Trust Dated March 18, 2002,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ROBERTS, an individual; TEXAS ENVIRONMENTAL PRODUCTS, INC., a Texas corporation; and TEXAS ENVIRONMENTAL PRODUCTS, a partnership, joint venture or other form of business organization unknown, and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. 1:16-CV-00557-AWI-EPG<br><br>**DEFENDANTS FURTHER BRIEFING ON MOTION TO BIFURCATE REGARDING PHASE TWO PROPOSED COURT TRIAL**<br><br>Judge:   Hon. Anothony Ishii<br>Date:    October 31, 2017<br>Time:    9:00 a.m.<br>Dept.:   2<br><br><br>Trial Date:          October 31, 2017 |

Pursuant to the Court's request for further briefing, Defendants submit the following Points and Authorities in support of their request that the Phase Two portion of the trial determining the California Probate Code section 859 claims be determined by the Court sitting without a jury.

## I.
## ISSUE PRESENTED

The remaining issue for the court is whether the second phase of trial should be heard and determined by the jury or the court. The issue at Phase Two will only be addressed if the jury in Phase One determines that a partnership existed, Defendants breached a fiduciary duty, and

partnership funds should be returned to the trust as a result.  Only at that point, once those issue are determined, would there be a question during Phase Two of whether Defendants acted in good or bad faith in refusing to provide the funds to the trust and the consequence of such a finding.

Defendant continue to contend that the issue of good versus bad faith, double damages, and attorney's fees that have already been bifurcated into the second phase, are all issues that should be determined by the Court.  The following are the legal authorities that support this position.

## II.
## LAW AND ARGUMENT

**A.    Federal Court Has Jurisdiction Over This Issue Sitting *in Equity***

"It is true that a federal court has no jurisdiction to probate a will or administer an estate ....  But it has been established by a long series of decisions of this Court that **federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims** *so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.*"  *Marshall v. Marshall* (2006) 547 U.S. 293, 310, citing *Markham v. Allen,* 326 U.S. 490, 494 (1946) (emphasis added).

"[W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, ... it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court."  *Id.*  The Court has interpreted this to mean the federal court has no jurisdiction over property that is in the custody of a probate court but can adjudicate other claims.  *Id.* at 311-12.

Thus, this Court, while it may adjudicate claims under Probate code section 850, cannot impose any orders that in any way interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property.  To this end, no jury trial rights should be found that would interfere with California's statutory scheme and the nature of the claims it allows.

**B.    Federal Procedural Law and the Seventh Amendment Right to a Jury Trial Only Come into Play When Civil Damages are at Issue**

Here, the core of this matter is an action for Accounting and return of Trust Property under

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

DEFENDANTS FURTHER BRIEFING ON MOTION TO BIFURCATE REGARDING PHASE TWO PROPOSED COURT TRIAL

1  California Probate Code section 850.  There is no claim for damages, but instead a request for

2  Defendants to return property (money) that allegedly belongs to the trust.

3      The Seventh Amendment guarantees a jury trial in a federal case where the amount in issue

4  exceeds twenty dollars. The Court examines two issues: (1) whether the claim was historically tried to

5  juries, and (2) whether the relief sought is legal or equitable in nature. *Tull v. United States,* 481 U.S.

6  412, 417 (1987).  The amendment "requires trial by jury in actions unheard of at common law

7  provided that the action involves rights and remedies of the sort traditionally enforced in an action at

8  law rather than in an action in equity or admiralty." *Parnell v. Southall Realty,* 416 U.S. 363, 375

9  (1974).

10      The two issues from this standard are applied below.  Probate claims for return of property and

11  breach of fiduciary duty were traditionally heard in equity courts, not courts of law.  Moreover, the

12  relief requested here is restitutionary, not compensatory, hence the relief sought is equitable.

13  **C.    An 850 Petition is a Request for the Return of Property and Restitution, Not a Request
        for Damages, and is Entirely Equitable in Nature.**

14

15      Here the claim is for remedies under Probate Code sections 850 and 859.  Plaintiff also raises

16  claims of breach of fiduciary duties in a trust context.  These claims are equitable, not legal, and must

17  be tried to the Court.

18      Generally, an action for money damages was "the traditional form of relief offered in the

19  courts of law." *Curtis v. Loether,* 415 U.S. 189, 196 (1974). Yet the mere fact that money is being

20  sought does not make the claim one for damages. *Ibid.* "The Seventh Amendment question depends

21  on the nature of the issue to be tried rather than the character of the overall action." *Ross v. Bernhard,*

22  396 U.S. 531, 538 (1970) (emphasis added).

23      In *Chauffeurs, Teamsters, and Helpers, Local No. 391 v. Terry,* 494 U.S. 558 (1990), the

24  Supreme Court held that an action against a union for breach of the duty of fair representation was

25  analogous to an action by a trust beneficiary against a trustee for breach of fiduciary duties to the trust,

26  actions that "were within the exclusive jurisdiction of courts of equity." *Id.* at 567.  The Court also

27  observed it has "characterized damages as equitable where they are restitutionary, such as in "action[s]

28  for disgorgement of improper profits." *Id.* at 570 (though holding a back pay award is not

3

1  restitutionary).   The Seventh Amendment's reference to "suits at common law" means actions in

2  which "'legal rights are to be ascertained and determined, in contradistinction to those where equitable

3  rights alone [are] recognized, and equitable remedies [are] administered.'" *Id.* at 564, quoting *Parsons*

4  *v. Bedford*, 3 Pet. 433, 447 (1830).

5      The claims here are equitable for several reasons.   First, even if it is deemed to have some

6  separate significance here (it is really just another label on his restitution claim under Probate Code §

7  850), a claim of fiduciary breach is one that traditionally is within the exclusive jurisdiction of courts

8  of equity.   *Chauffeurs, Teamsters, and Helpers, Local No. 391 v. Terry, supra,* 494 U.S. at 567.   In

9  any event under California law (discussed below) such a claim is purely restitutionary and is not

10  damages.

11      Second, the claim for recovering property and enforcing obligations entered into by the

12  decedent sounds as a suit in specific performance which is equitable.   *In re Bailey's Estate,* 42

13  Cal.App.2d 509, 511 (1941).

14      Third, the claim to restore money wrongfully withheld from the plaintiff (or trust) is a claim

15  for restitution, not damages, because it requests the defendant turn over funds wrongfully withheld.

16  *Chauffeurs etc., supra,* 494 U.S. at 570.   Restitution is an equitable remedy, not a legal claim for

17  damages.   *Id.*   Restitution restores the status quo and orders return of property that rightfully belongs

18  to the plaintiff.   *Schmidt v. Levi Strauss & Co.,* 621 F.Supp.2d 796, 803 (N.D. Cal. 2008) (back pay

19  and other relief allowed by statute is designed to make employee whole and therefore is restitution, so

20  no jury right).   When restitution restores to the plaintiff "particular funds … in the defendant's

21  possession" it is appropriately equitable.   *Bayer v. Neiman Marcus Group,* 861 F.3d 853, 865-66 (9[th]

22  Cir. 2017).

23      Fourth, a money claim that is intertwined with or incidental to a claim for injunctive relief is

24  deemed equitable.   *Bayer, supra,* 661 F.3d at 866.   Here the orders for turnover of property form the

25  material part of the relief requested and the money aspect is closely intertwined with that request.

26      Fifth, under California law, a claim under sections 850 and 859 does not state any claim for

27  damages.   "Section 850 et seq. does not contemplate an *award of damages* to anyone.   The statutory

28  scheme's purpose is to effect a conveyance or transfer of property belonging to a decedent or a trust or

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

DEFENDANTS FURTHER BRIEFING ON MOTION TO BIFURCATE REGARDING PHASE TWO PROPOSED
COURT TRIAL

another person under specified circumstances, to grant any appropriate relief to carry out the decedent's intent, and to prevent the looting of decedent's estates." *Estate of Kraus,* 184 Cal.App.4th 103, 117 (2010) (emphasis in original). An order for a party to "hand over misappropriated funds together with a statutory penalty for his bad faith conduct" were "not awards of money to anyone" -- they merely placed the money back in the estate pending ultimate disposition by the Probate Court. *Id.* at 117-18. In other words, they were restitutionary. *Chauffers, supra,* 494 U.S. at 570 (disgorgement is restitutionary and equitable).

Therefore, the specific claims made here sound entirely in equity for restoration of property, not as claims of money damages.

**D.** **Jury Trial By Consent is Subject to the Court's Plenary Discretion, and the Court Should Exercise that Discretion to Submit Only the Section 850 Liability Claims, To the Jury, or Empanel an Advisory Jury Only.**

Here the parties consented to a jury trial in the joint pretrial statement as to the factual issues pertaining whether there was a partnership and if so, whether a breach occurred. Rule 39(c) allows the parties to do so, but subject entirely to the Court's plenary discretion. Fed.R.Civ.P 39(c); *Ed Peters Jewelry Co., Inc. v. C & J Jewelry Co., Inc.,* 215 F.3d 182, 188 (Rule 39 invests the trial court with the discretion-- but not the duty—to submit an equitable claim to the jury). On the other hand, as the Pretrial Conference Order recognizes, the Defendants requested a court trial as to the second phase the trial (PTP, 2:4-7), which is their right. Because of this, the court should empanel a jury only for the section 850 liability phase. However should the Court be inclined to empanel a jury for all claims, then find that the jury is for advisory purposes only. Defendants caution against this due to the confusion the evidence in the second phase may cause the jury, particularly with respect to the evidentiary impact of prior demands and settlement negotiations that bear on the Court's determination of good faith.

As discussed above, neither the section 850 claim nor the section 859 claim is triable to a jury. Both call for equitable restitutionary relief and have been characterized as such by the controlling California state court opinions and apposite analogies found in Supreme Court opinions. Despite Defendants' limited consent to a jury for purposes of determining a issues pertaining to partnership and breach, the Court should exercise its discretion not to empanel a jury outside of the consented to

DEFENDANTS FURTHER BRIEFING ON MOTION TO BIFURCATE REGARDING PHASE TWO PROPOSED COURT TRIAL

1 | parameters.

2 |   Alternatively, if the Court determines the jury should hear the issues of good versus bad faith,

3 | it should empanel an advisory jury only, which is allowed under Rule 39(c).  The jury should not be

4 | allowed to determine the remedial phase, but if the only other option is for the jury to hear the entire

5 | case, its determinations should have no better than advisory bearing on the Court's ultimate

6 | disposition, which is an option Defendants maintain would be the least desirable since the Court will

7 | well equipped to resolve the equitable remedies and to permit the jury to hear evidence applicable to

8 | the good faith determination could prove to be confusing to a lay jury.  The Court's determination of

9 | this issue and the possible advisory status of the jury's role should be made before any verdict is

10 | rendered, so the order should be made at commencement of trial or earlier.

11 |

### III.
### CONCLUSION

12 |

13 |   Based on the foregoing, and Defendants' earlier briefs, it appears that the Federal Court has

jurisdiction to hear the issue sitting without a jury, since only equitable remedies of restitution are

14 |

sought, the Probate Code must apply over any procedural right to a jury trial under the Seventh

15 |

Amendment.  Accordingly, because the Probate Code explicitly states that actions under that Code are

16 |

to be heard by a Court, and a Court is to decide the 859 issue, the Federal Court, sitting in equity in

17 |

this case, should determine all matters bifurcated into Phase Two, including the good/bad faith

18 |

determination.

19 | Dated:  October 11, 2017

20 |

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

21 |

22 |

23 | By: _____
      Marshall C. Whitney
      Kristi D. Marshall
      Attorneys for JOHN ROBERTS and TEXAS
      ENVIRONMENTAL PRODUCTS, INC.

24 |

25 |

26 | 75030-00000 4772793.1

27 |

28 |

DEFENDANTS FURTHER BRIEFING ON MOTION TO BIFURCATE REGARDING PHASE TWO PROPOSED
COURT TRIAL

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On October 27, 2017, I served true copies of the following document(s) described as **DEFENDANTS FURTHER BRIEFING ON MOTION TO BIFURCATE REGARDING PHASE TWO PROPOSED COURT TRIAL** on the interested parties in this action as follows:

Neal Costanzo Esq.
Costanzo & Associates, PC
575 E. Locust Avenue, Suite 115
Fresno, CA 93720
ncostanzo@costanzolaw.com

**BY ELECTRONIC SERVICE (E-MAIL):** Based on a court order or an agreement of the parties to accept electronic service, my electronic service address service is elizabeth.davis@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I will electronically file the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 27, 2017, at Fresno, California.

_____
Elizabeth Davis