McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Marshall C. Whitney, #82952
*marshall.whitney@mccormickbarstow.com*
Kristi D. Marshall, #274625
*kristi.marshall@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for JOHN ROBERTS and TEXAS ENVIRONMENTAL PRODUCTS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

ARIEL ELIA, individually and as Successor Trustee to the Alan Elia Declaration of Trust Dated March 18, 2002,

Plaintiff,

v.

JOHN ROBERTS, an individual; TEXAS ENVIRONMENTAL PRODUCTS, INC., a Texas corporation; and TEXAS ENVIRONMENTAL PRODUCTS, a partnership, joint venture or other form of business organization unknown, and DOES 1 through 20, inclusive,

Defendant.

Case No. 1:16-CV-00557-AWI-EPG

**DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF REGARDING JURY TRIAL RIGHTS ON CLAIMS ASSERTED**

Trial Date: October 31, 2017
Courtroom: 2

Defendants John Roberts and Texas Environmental Products, Inc. ("Defendants") hereby submit the following supplemental brief relating to the right to a jury trial on specific claims made by the Plaintiff in this action, currently underway at trial.

**I.**

**INTRODUCTION**

The Court has bifurcated this case into two phases, one to determine the issues of the existence of a partnership between Plaintiff and Defendants, as well as all remedial issues pertaining to

accountings between them going back to the inception of their relation( "Phase 1") and if there is found a breach of partnership/fiduciary duty, to determine if the withholding of monies alleged due the Trust was in bad faith ("Phase 2"). At present, the Court has ruled that both Phase 1 and Phase 2 will be determined by the jury and not by the Court. Respectfully, Defendants request this Court reconsider this ruling and impanel a jury solely to determine whether the parties intended to form a partnership relation as determined by factors in the case law (upon which it would be instructed) and any damages that may be awarded in the event of the determination that no partnership existed. On the other hand, Defendants urge the court that in the event a partnership is found to have been entered into, to leave all remedial issues resulting therefrom to a court determination. There are a number of reasons that this procedure should be followed.

First, the so-called claim of "damages" for breach of fiduciary duty are not, under the case law, damages but alleged entitlement to a return of funds and property in the Defendants' possession that have allegedly been wrongfully withheld from Plaintiff. This is a form of restitution that is equitable.

Second, the accounting claim here is also equitable. This is not a disguised breach of contract claim, but a pure action to determine and resolve all of the complex accounts involving this business going back to its inception several years ago, which is contended based solely on the alleged partnership between the parties. Where the duty to account is based solely on an alleged relationship between the parties, the accounting claim is equitable, not legal.

Third, it should be kept in mind these claims are not raised under the common law, but are under statutory provisions of the California Probate Code §§ 850, 859. While not technically binding on this Court's determination of a federal jury trial right, the construction placed upon these statutes by California Court of Appeal, as previously cited to this Court, should be given persuasive force in characterizing the nature of the relief sought. The opinion clearly states the relief sought under these statutes is not a form of damages, but an adjustment of rights to property relative to a probate estate. Not only is this consistent with the plain language of the statutory provisions sued upon, it is consistent with federal precedent denying a jury trial where the plaintiff in essence seeks recovery of property wrongfully held by the defendant for plaintiff's benefit. This is precisely what Plaintiff is alleging here, no matter what labels he uses.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

## II.

## THE REMEDIAL PHASE OF THIS TRIAL CARRIES NO JURY TRIAL RIGHTS, AS THE RELIEF REQUESTED IS PURELY EQUITABLE IN NATURE

### A. Although Federal Law Governs The Issue, The Court Should Give Persuasive Force To California Authority Holding That Claims Under Probate Code Sections 850 And 859 Seek No Damages, But Only Orders Relating To Disposition Of Property.

The right to a jury is a federal issue even on state-law claims. *Simler v. Conner*, 372 U.S. 221, 222 (1963); however, the Seventh Amendment guarantee to a jury trial does not apply unless the claim was historically tried to juries or the relief sought was legal and not equitable in nature. *Tull v. United States,* 481 U.S. 412, 417 (1987). As a corollary, the amendment "requires trial by jury in actions unheard of at common law provided that the action involves rights and remedies of the sort traditionally enforced in an action at law rather than in an action in equity or admiralty." *Parnell v. Southall Realty,* 416 U.S. 363, 375 (1974).

Defendants previously cited to this Court, in both their motion to bifurcate and in further briefing on those issues filed on October 27, 2017, the case of *Estate of Kraus*, 184 Cal.App.4th 103 (2010), in which the Court of Appeal held that remedies under Probate Code sections 850 and 859 do not "contemplate an *award of damages* to anyone" and that an order for a party to "hand over misappropriated funds together with a statutory penalty for his bad faith conduct" were "not awards of money to anyone" but merely orders for placement of the funds back into the estate for ultimate disposition by the probate court. *Id.* at 117-118 (emphasis in original). As discussed below, these orders likewise are a form of equitable restitution under established federal authority. Either way, the California court's construction of the statute should be accorded some deference in terms of the nature of the relief sought, even if a state court could not make a binding determination of jury trial rights.

The statements in *Kraus* are persuasive because they describe exactly what these statutory provisions provide as remedial relief. Federal courts will look to state law to see how courts characterize the relief, even if not bound by those decisions. *See Phillips v. Kaplus*, 764 F.2d 807, 813 (11th Cir. 1985) (although not controlling, court observes that under state law the accounting requested is equitable). As noted below, the equitable nature of this relief is likewise supported by ample federal precedent.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

**B. <u>The Accounting Claim Seeks Only Equitable Remedies And Is Not A Disguised Legal Claim For Breach Of Contract.</u>**

Plaintiff relied extensively upon *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962), in arguing in essence that an accounting claim is always legal and hence entails a jury trial right. Any such principle is inaccurately stated. The court in *Dairy Queen* simply found that an alleged breach of an express licensing contract could not be recast as an "equitable" claim simply by seeking an accounting of the alleged trademark infringer's profits as the claimed damages. *Id.* at 478-479. When an accounting is alleged, the court's duty is to examine precisely what the plaintiff is seeking and then characterize it as traditionally "legal" or "equitable" form of relief according to established authorities.

Following *Dairy Queen*, several federal courts have found accounting claims to seek purely equitable relief and hence triable to the court, not a jury. *See, e.g., Phillips v. Kaplus, supra,* 764 F.2d 807, 813-14 (accounting action between partners is equitable, not legal; no jury trial right); *Dardovitch v. Haltzman*, 190 F.3d 125, 133 n. 1 (3d Cir. 1999) (accounting of a trust is not a jury issue where the right to it is equitable, which it is unless a trustee is under an obligation immediately and unconditionally to transfer property to a trust beneficiary); *Siegel v. Warner Bros. Entertainment, Inc.*, 581 F.Supp.2d 1067, 1070-71 (C.D. Cal. 2008) (accounting is equitable where based on an alleged fiduciary status based on an agency relation between the parties); *Soley v. Wasserman*, 2013 WL 1655989 (S.D.N.Y. 2013), at **2-3 (jury demand stricken where the duty to account was based upon the alleged relationship between the parties which created a duty to account; order requiring accounting is "quintessentially equitable" even if it requires a return of profits generated by the defendant's use of plaintiff's property); 9 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2310, at 144 (3d. ed. 2008) (historically courts of equity could order an accounting in three instances: first, "when the relationship of the parties created an equitable duty to account"; second, when "the complicated nature of the accounts would make it difficult, if not impossible, for a jury to unravel the numerous transactions"; and third, if the accounting is incidental to other forms of equitable relief, such as an injunction).

A key factor examined by the courts is whether the duty to account is alleged to arise because of some relationship alleged between the parties that carry a duty to account. *See Siegel, supra*, 581

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

F.Supp.2d at 1070-71 (alleged agency relation made the accounting request purely equitable and not triable by jury); *Solely, supra*, 2013 WL 16555989, at **2-3(where relationship of parties creates the duty to account, an order directing an accounting is equitable even if it requires assessment and payment of defendant's profits); *Phillips, supra*, 764 F.2d 807, 813-14 (partnership); *Dardovitch, supra,* 190 F.3d 125, 133 n. 1 (trust).

The courts further examine whether the plaintiff's relief seeks the defendant to account for and disgorge profits earned by the defendant, rather than to pay over to the plaintiff damages measured by plaintiff's loss. A claim to restore money wrongfully withheld from the plaintiff (or trust) is for equitable restitution, not damages. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567, 570 (1990); *Bayer v. Neiman Marcus Group*, 861 F.3d 853, 855-66 (9th Cir. 2017) (request for restoration of particular funds in the defendant's possession is equitable). A request for an order for a defendant "to provide a complete, open, and honest accounting of her financial affairs and assets, and to provide complete records of her financial affairs and assets," and an order requiring the defendant "to disgorge 'all ill-gotten gains received as a result of his conduct,' restitution, and a constructive trust over Plaintiff's assets in [the defendant's] possession" was entirely equitable, carrying no jury right. *Soley, supra,* at **2-3.

Here, Plaintiff expressly alleges that Defendants "occupied a fiduciary relationship to Decedent, before and after his death with respect to operation of the aforementioned business . . .." (Complaint, ¶ 12.) Plaintiff then alleges that "a balance is due to the trust from defendants . . . for decedent's share of the profits of the business and decedent's share of the purchase price from the sale of the business operated by decedent and Roberts as a partnership or joint venture . . .." (*Id.* ¶ 13.) Under the above authorities, the duty to account derives solely from this alleged relationship, and would not have existed otherwise, and is plainly a request to account for all gains earned in the business and pay over (disgorge) to Plaintiff the alleged share of the profits owed to decedent. Under the above authorities, both the historical source of the duty and the nature of the relief sought are equitable.

The request for relief under sections 850 and 859 does not change this outcome. Those statutes, as noted, simply provide a statutory mechanism for a trust to recover property wrongfully

withheld from the trust by virtue of a claim allegedly owned by the settlor before his death. Again, those statutes provide the remedy of turnover of property back to the trust, plus a statutory penalty of double the monetary recovery in cases where the defendant's position was in bad faith. The nature of the relief requested is restitutionary. *Chauffeurs, etc., supra*, 494 U.S. at 570 (claim to restore money wrongfully withheld from plaintiff is for restitution, not damages).

Accordingly, under any test, the accounting requested by Plaintiff is not a mislabeled claim for breach of contract, or other legal claim. Instead, it is an accounting based entirely upon an alleged fiduciary relationship between the parties deriving from an alleged partnership or joint venture business. The nature of the claim is equitable, not legal. The remedy sought is equitable, not legal. Plaintiff is not entitled to any jury determination of his accounting claim, or any claim for money relief.

**C. The Complexity Of The Accounting, In The Specific Circumstances Of This Case, Calls For Court Resolution, Not A Jury Determination.**

As noted above, historically a court of equity could order an accounting when "the complicated nature of the accounts would make it difficult, if not impossible, for a jury to unravel the numerous transactions." *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2310, at 144. While the courts have cautioned against using this ground to support equitable treatment of an otherwise legal claim (see *infra* discussion of *Dairy Queen* case), the highly atypical circumstances here, and the equitable nature of both the accounting claim and the nature of the relief sought, weigh heavily against submitting the accounting to the jury.

Because the accounting duty is premised upon an alleged partnership, the accounting that would have to be performed is complex, requiring examination of capital accounts, contributions from each partner (if any), net assets and profits after deducting liabilities and expenses (in proportion to the partner's share of the profits), reimbursement of partners for liabilities and obligations incurred, reimbursement of advances beyond capital accounts, repayment of loans made by a partner, and generally sifting through the voluminous records to sort out and "unravel" the multitude of transactions and adjustments. *See* Cal. Corp. Code § 16401 (elements of partner's duty to account). While Plaintiff would ask the Court or the jury to look only at the profits from one transaction and one

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

year the accounting required under the Uniform Partnership Act (Corporations Code § 16100 *et seq.*) requires much more. This fact alone shows that what the Plaintiff is really seeking here has nothing to do with compensation for harm to the Plaintiff, but disgorgement and payment to Plaintiff of Plaintiff's alleged share of the partnership net profits and assets after all of the numerous statutory adjustments are made to the account. As such, it has nothing to do with harm to Plaintiff's financial position, but entirely is based upon a theory that Defendant must remit to Plaintiff sums earned by Defendant in the conduct of the business for this lengthy period of years. The jury is being asked to sort through all this with little or no assistance. Plaintiff has no right to require this.

Even in the *Dairy Queen* case, the Supreme Court observed that, in the context of a legal claim for breach of contract, the plaintiff may be entitled to a court (non-jury) determination of the loss if he shows that the "'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." *Dairy Queen, supra*, 369 U.S. at 478-79. The court stated this would be a "rare case" on a legal claim in light of the court's authority to appoint a special master to handle the accounting issues under Rule 53(b). *Id.* While there is no general "complexity exception" to jury trial rights, the very nature of the accounting required under Plaintiff's theory shows that what is requested is a restitutionary equitable adjustment of the entirety of the parties' dealings since this venture began many years ago. It seeks no legal damages. A jury is in no position to make any such adjustment itself, and Plaintiff has made no attempt to do so focusing instead on only one year of business activities of a venture she appears to allege was a partnership since at least 2004. It is thus entirely unclear how Plaintiff expects a jury to be presented with a proper evidentiary basis upon which to perform these complicated tasks, and there are no such avenues available.

**D. <u>The Doubling Provision Of Probate Code Section 859 Does Not Entail A Jury Trial</u>.**

The court appears to have likened the double–money provision of section 859 with an award of punitive damages, which is commonly determined by juries. The analogy, however, is inapposite.

As noted, the relief sought under section 859 is purely a mechanical doubling of the loss awarded under section 850, with a predicate finding that the defendant acted in "bad faith." The relief under section 859, however, is not damages, punitive or otherwise. *Kraus, supra*, 184 Cal,App.4th at 117-18. Because the entire remedial provisions of sections 850 and 859 are premised upon return of

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

property, not compensation to a plaintiff, a doubling provision does not convert what is an equitable remedy into a legal one by process of arithmetic.

**E. Defendants Did Not Consent to Submit the Second Phase Issues to a Jury.**

Plaintiff never requested a jury trial. The jury aspect came up with the pretrial order, where the parties agreed to submit first-phase issues to the jury. Jury trial here is therefore solely by consent pursuant to Rule 39(c)(2). The jury should determine whether a partnership was formed, with appropriate instructions about the nature of a partnership and the factors used to determine whether the parties intended and agreed to form a partnership. The consent, therefore, is limited to this issue. Extending this consent to the remedial phase of the case exceeds the consent provided, and since consent is the sole basis for a jury at all (Plaintiff having not requested one), it should be followed. See Rule 39(b) ("Issues on which a jury trial is not properly demanded are to be tried by the court.").

Lastly, as previously argued, the Court, even with a consent to trial by jury, has discretion on how to decide which issues will be submitted and not submitted. Fed.R.Civ.P 39(c); *Ed Peters Jewelry Co., Inc. v. C & J Jewelry Co., Inc.*, 215 F.3d 182, 188 (Rule 39 invests the trial court with the discretion-- but not the duty—to submit an equitable claim to the jury upon consent). Given the nature – the claims, the remedies sought, and the vexing complexity of the issues the jury will be asked to unravel, the Court should exercise its discretion to limit the scope of the jury consent to a process that is fair and ensures an orderly process that does not place unreasonable and unworkable burdens on the jury.

## III.

## CONCLUSION

Defendants respectfully request the Court reconsider the prior ruling granting a jury trial on all issues, and limit the jury's consideration to the first-phase issue of whether a partnership was formed. All remedial issues should be determined by the Court as equitable claims and relief.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

Dated: November 3, 2017

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: [signature]
Marshall C. Whitney
Kristi D. Marshall
Attorneys for JOHN ROBERTS and TEXAS ENVIRONMENTAL PRODUCTS, INC.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF REGARDING JURY TRIAL RIGHTS ON CLAIMS ASSERTED

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On November 3, 2017, I served true copies of the following document(s) described as **DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF REGARDING JURY TRIAL RIGHTS ON CLAIMS ASSERTED** on the interested parties in this action as follows:

Neal Costanzo Esq.
Costanzo & Associates, PC
575 E. Locust Avenue, Suite 115
Fresno, CA 93720
ncostanzo@costanzolaw.com

Attorneys for Plaintiff

**BY ELECTRONIC SERVICE (E-MAIL):** Based on a court order or an agreement of the parties to accept electronic service, my electronic service address service is elizabeth.davis@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I will today electronically file the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 3, 2017, at Fresno, California.

Elizabeth Sue Davis