McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Marshall C. Whitney, #82952
  marshall.whitney@mccormickbarstow.com
Kristi D. Marshall, #274625
  kristi.marshall@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for JOHN ROBERTS and TEXAS
ENVIRONMENTAL PRODUCTS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ARIEL ELIA, individually and as Successor Trustee to the Alan Elia Declaration of Trust Dated March 18, 2002,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ROBERTS, an individual; TEXAS ENVIRONMENTAL PRODUCTS, INC., a Texas corporation; and TEXAS ENVIRONMENTAL PRODUCTS, a partnership, joint venture or other form of business organization unknown, and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. 1:16-CV-00557-AWI-EPG<br><br>**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW [Fed.R.Civ.P. 50]**<br><br>Trial Date:   October 31, 2017 |

Defendants JOHN ROBERTS, TEXAS ENVIRONMENTAL PRODUCTS, INC., and TEXAS ENVIRONMENTAL PRODUCTS hereby move for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.

## I.

## INTRODUCTION

Trial of this case is ongoing. Plaintiff has now closed its evidence. Based on what has been admitted, judgment as a matter of law in Defendants' favor is appropriate on several issues: (1) the

failure of proof on whether a partnership was formed in this relationship, given the lack of evidence of an agreement to share profits and losses, a completely inconsistent track record of payouts to Plaintiff, the Plaintiff's receipt of IRS Form 1099s for these payment reflecting they were compensation, not partner profits, the lack of shared management and co-ownership, and the absence of evidence of commencement and termination dates for the alleged partnership; (2) the proof of damages; and (3) the lack of proof of any basis to hold Defendant John Roberts individually liable for acts of the corporate Defendant Texas Environmental Products, Inc. ("TEP"), when the evidence clearly shows all payments to Plaintiff were made by TEP and TEP was in control of this business.

## II.

### STANDARDS GOVERNING A RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW.

Rule 50(a) provides: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: [¶] "(A) resolve the issue against the party; and [¶] "(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

"Judgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion... ." *Hagen v. City of Eugene*, 736 F.3d 1251, 1256 (9th Cir. 2013), quoting *Omega Envtl., Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1161 (9th Cir.1997). A motion may be made "at any time before submission of the case to the jury." Fed.R.Civ.P. 50(a)(2).

## III.

### PLAINTIFF HAS PRODUCED INSUFFICIENT EVIDENCE OF AN AGREEMENT TO FORM A PARTNERSHIP

Unless the relationship falls within exceptions noted in the statute, "the association of two or more persons to carry on as co-owners a business for a profit forms a partnership, whether or not the persons intended to form a partnership." Cal. Corp. Code § 16202(a).   An exception is joint ownership of property, which is deemed by itself insufficient to prove a partnership. *Id.* 16202(c).

And an agreement to share gross revenues does not of itself prove a partnership. *Id.* An agreement to share profits is presumed a partnership unless the payments are for a debt owed the payee, as compensation for services, rent, annuity payments, or interest on a loan, or payment for the sale of goodwill of the business. *Id.* The question of formation is one of fact to be determined by a preponderance of the evidence . *Second Measure Inc. v. Kim*, 143 F.Supp.3d 961, 971 (N.D. Cal. 2015) (applying California law).

**Sharing of Profits.** Proof of the partnership is measured by the "crucial factor of the intent of the parties revealed in the terms of their agreement, conduct, and the surrounding circumstances...." *Holmes v. Lerner*, 74 Cal.App.4th 442, 454 (1999). "Generally, a partnership connotes co-ownership in partnership property, with a sharing in the profits <u>and losses</u> of a continuing business." (emphasis added) *Chambers v. Kay*, 29 Cal.4th 142, 151 (2002); accord *People v. Park*, 87 Cal.App.3d 550, 564 (1978) ("[I]t is well established that the essential elements of both a joint venture and partnership are a sharing of profits <u>as well as losses and a right to joint management and control of the business.</u>"(emphasis added)) While agreed terms may be inferred from the parties' conduct, the proof of terms will fail unless there is some evidence of an agreed formula or methodology to figure the profits. *Sandberg v. Jacobson*, 253 Cal.App.2d 663, 668-669 (1967).

While the absence of a specific profit formula is not fatal to finding a partnership, *Holmes, supra*, 74 Cal.App.4th at 456 n. 16, where as here the parties' own conduct in paying out money, even if construed as payment of partner profits, shows an erratic, random and entirely inconsistent pattern of division, there is no basis for a definitive determination that this supports a finding of partnership, and no way to figure what is owed to Plaintiff. There is not an absence of track record on payment, but that record is simply too inconsistent and speculative to show other than a purely subjective process of paying purported profits. Resort to a presumption of equal share is not appropriate where the parties' own conduct shows they never adhered to such a method of division, or to any determinable method.

**Sharing of Losses, Co-Ownership of Business Property.** As noted above, "Generally, a partnership connotes co-ownership in partnership property, with a sharing in the profits and losses of a continuing business." *Chambers v. Kay*, 29 Cal.4th 142, 151; accord *People v. Park*, 87 Cal.App.3d

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

3

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

550, 564 ("[I]t is well established that the essential elements of both a joint venture and partnership are a sharing of profits as well as losses and a right to joint management and control of the business.") In *Chambers*, the Supreme Court rejected a partnership finding where two lawyers operated a law practice and worked on cases together, but "no evidence suggests [they] acted as co-owners of a law firm or office, or that they contemplated sharing in the profits and losses of a continuing business engaged in the practice of law." *Id.* Likewise here: there is no evidence of any agreement to co-own the business or its property, and no agreement to share profits and losses.

**Shared Management.** Critical to a partnership is an agreement to jointly participate in the management of the business. "For breach of a partnership or joint venture, the plaintiff must further allege an agreement to participate in the management of the business." *Second Measure, supra,* 143 F.Supp.3d at 971, citing *Kaljian v. Menezes,* 36 Cal.App.4th 573, 586 (1995) ("An essential element of a partnership or joint venture is the right of joint participation in the management and control of the business."); *see People v. Park, supra,* 87 Cal.App.3d 550, 564 ("[I]t is well established that the essential elements of both a joint venture and partnership are a sharing of profits as well as losses and a right to joint management and control of the business.") ; Cal. Corp. Code § 16401(f) ("Each partner has equal rights in the management and control of the partnership business.").

There is no evidence of an agreement between the decedent and Mr. Roberts to share the right to management of this business and no basis to infer such an agreement from conduct. While allegations of agreed share of different management duties and that both worked long hours to make the business successful can be sufficient to defeat a motion to dismiss the claim of breach of a partnership agreement, *Second Measure, supra,* 143 F.Supp.3d at 978-979, here there is no proof of any such shared right or exercise of management duties. Instead from all that appears Mr. Roberts had complete control over the enterprise and made decisions on all matters including how much would be paid out to the decedent. Nor is there proof that the partners delegated these duties entirely to Mr. Roberts that would show sufficient joint control of the business. Asking the decedent to negotiate the sale of property in 2015 if anything showed only Roberts controlled and ran this business—otherwise his permission to perform that service would not have been needed.

**Payment for Services.** Additional evidence supports that the money paid to the decedent was payment for services performed, not partnership profit. TEP issued Form 1099s to the decedent for the years in question. Form 1099-MISC is an informational return required by the IRS to report payment of income to non-employees, such as payments to independent contractors. See https://www.irs.gov/pub/irs-pdf/i1099msc.pdf (IRS form 1099). The forms indicate the payments are for "non-employee compensation." Of course compensation is for services, not for a partner's share of profit. A Form 1065 Schedule K-1 is used to report a "Partner's Share of Income, Deductions, Credits, etc." See https://www.irs.gov/pub/irs-pdf/f1065sk1.pdf (IRS form K-1). No evidence has been produced to show the decedent objected to receiving and using the Form 1099s to report his own income for services, or that he ever requested a K-1 form for a partner's income.

Payments of "profit" that are made to compensate for services as an employee or independent contractor, even if based on profits, do not show a partnership. Cal. Corp. Code § 16202(c)(3)(B); *see Brockman v. Lane,* 103 Cal.App.2d 802, 804-805 (1951) (unsigned writing setting out an agreement to pay party for 5 years salary plus a profit share for supervising farming services on defendant's property showed an employment for services, not a partnership, where property ownership and entire risk of loss stayed with defendant ); *Lyden v. Spohn-Patrick Co.,* 155 Cal. 177, 180 (1909) (where agreement was to pay plaintiff advances against one-half of profits of business as his compensation for sales services, no partnership was formed—plaintiff was to have no title to property and no liability for debts).

**Statements of "Partner" Status:** "One who alleges a partnership cannot prove it merely by evidence of an agreement wherein the parties call themselves partners. The use of the term 'partner' in the popular sense, or as a matter of business convenience, will not necessarily import or imply an intention that a legal partnership should result." *Kloke v. Pongratz,* 38 Cal.App.2d 395, 402 (1940), quoted in *Persson v. Smart Inventions, Inc.,* 125 Cal.App.4th 1141, 1158 (2005). Unless there is prima facie evidence of partnership from other evidence, such statements are irrelevant and inadmissible. *Kloke, supra,* 38 Cal.App.2d at 402, citing *Swanson v. Siem,* 124 Cal.App.519, 523-524 (1932) ("Before a partner may be charged, as such, by his declarations, a prima facie showing of the

existence of the copartnership should be first established. ..."")[1], Here as discussed above there is insufficient prima facie evidence of partnership from other sources. Defendant Roberts's colloquial statements, even if found to have been made, cannot by themselves show a partnership and cannot be used if that is all the evidence Plaintiff has.

In sum, there is insufficient evidence of a partnership to merit a jury determination of the subject. Even if the formation issue is enough for the jury, the jury is without any basis to calculate the profit share of the decedent other than by simply presuming, against the historical evidence, that the split should be 50-50. Where the parties are silent on the subject, an equal split may be inferred. However, where the parties clearly never split the profits that way, to allow the jury to do so is to fill a gap in the evidence, and indeed to *contradict* the historical evidence, which is not proper. Plaintiff has not proven with any evidence other than an expert's surmise that the percentages were "close" to 50-50 (the actual record speaks for itself on what is or is not "close"). Plaintiff is pressing for a verdict that is both speculative and contrary to the extremely inconsistent and vague "agreement" found in Plaintiff's theory of the case. Damages will be calculated on speculation, not evidence.

### IV.

### PLAINTIFF HAS INTRODUCED INSUFFICIENT EVIDENCE OF DAMAGES TO SUPPORT A JURY FINDING

Proof of liability in this case depends on proof of breach of a partnership agreement with the decedent and other elements of the claim, including damages proximately caused by the breach. "To adequately plead a claim for breach of contract under California law, a plaintiff must allege "a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom." *Second Measure, supra,* 143 F.Supp.3d at 971, quoting *McKell v. Wash. Mut., Inc.,* 142 Cal.App.4th 1457, 1489 (2006).

Plaintiff's damages claim fails for two reasons. *First,* as discussed above, Plaintiff has not shown a sufficiently definite and calculable track record of payouts of profits to support a jury

---

[1] *Swanson* said the evidence of partnership must be "competent"; the Supreme Court later clarified this did not mean the same as clear and convincing evidence, rejecting other courts that had imposed that higher burden of proof. *Weiner v. Fleischmann,* 54 Cal.3d 476, 485 (1991).

1 calculation of damages caused by this alleged breach. Damages cannot be based on speculation. *See* CACI 3900 (Defendant's Proposed Instructions, Att. 2, No. 6) ("…you must not speculate or guess in awarding damages."); *Piscitelli v. Friedenberg,* 87 Cal.App.4th 953, 989 (2001) ("Whatever its measure in a given case, it is fundamental that 'damages which are speculative, remote, imaginary, contingent, or merely possible cannot serve as a legal basis for recovery.'")

***Second,*** as to Plaintiff's claims for commissions for 2015, Plaintiff has failed to prove the sales amounts and percentage on which such claim for a commission is based. Without such evidence the jury once again is left to guess what the commission is or might be. Counsel may try to address this issue in closing arguments, in which case the argument will be based solely on counsel's characterizations of the relationship and agreement and not actual evidence introduced and admitted through proper trial process. As such the request for a commission is without any evidentiary basis and this must be removed from the jury's determinations on this motion.

### V.
### JUDGMENT SHOULD BE ENTERED IN FAVOR OF JOHN ROBERTS AS AN INDIVIDUAL DEFENDANT

It is clear the partner of the decedent was not John Roberts individually but the corporation TEP, Inc. The P & Ls for 2010-15 are for the corporation. The payments to Allen Elia and then to Cosgrove were made by TEP, Inc. (See TE 44) They show corporate formalities and accounting rules were being followed to respect the corporate identity. The records including the 1099s given to Elia show the payments were being made by TEP, not Mr. Roberts. There is no testimony he commingled funds or otherwise treated the corporation as having no separate existence. TEP's returns were used for tax purposes, not Mr. Roberts's individual returns. Erickson never requested his individual returns. The accountants only analyzed records of TEP, and parties like Sullivan and Ross asked for TEP's financials. Any statements that John was a partner are colloquial shorthand and do not reflect an intent to make him the partner rather than the corporation.

"A corporation is a distinct legal entity from its stockholders and from its officers." *Merco Construction Engineers, Inc. v. Municipal Court,* 21 Cal.3d 724, 729 (1978). "A corporation and its stockholders are generally to be treated as separate entities. Only under exceptional circumstances –

not present here—can the difference be disregarded." *Burnet v. Clark,* 287 U.S. 410, 415 (1932); accord *Maxwell Café, Inc. v. Dept. of Alcoholic Beverage Control,* 142 Cal.App.2d 73, 78 (1956) (exceptional circumstances required). "After all, incorporation's basic purpose is to create a distinct legal entity, with legal rights, obligations, powers, and privileges different from those of the natural individuals who created it, who own it, or whom it employs." *Cedric Kushner Promotions Ltd v. King,* 533 U.S. 158, 163 (2001).

This means contracts by the corporation are not those of the owner. "The corporation and the shareholders are distinct parties in contracts made by one or the other." *Baker Divide Mining Co. v. Maxfield,* 83 Cal.App.2d 241, 248 (1948). Since partnership depends on an agreement to carry on a business as co-owners for profit, Cal. Corp. Code § 16202(a), if the party to that agreement in reality was TEP, Inc., the contract made by TEP is not one made by John Roberts individually. Any "person" can be a partner and the UPA defines "person" to include corporations. Cal. Corp. Code §§ 16101 (13) ("person" includes corporations); 16202(a) (partnership is "an association of two or more persons to carry on as coowners a business for profit...."

An individual owner may be held liable on an alter ego theory if it is alleged and proven. "There must be affirmative proof or direct inference from proof that there is such unity of interest and ownership as indicates cessation of the individuality and separateness of the individuals and the corporation." *Maxwell Café, Inc. v. Dept. of Alcoholic Beverage Control, supra,* 142 Cal.App.2d 73, 78. "The corporation must be treated as a separate entity until such proof is made." *Id.* at 78.

"[T]he doctrine of alter ego is 'essentially an equitable one and for that reason is particularly within the province of the trial court.'" *Stark v. Coker,* 20 Cal.2d 839, 846 (1942), quoted in *Dolarian Capital, Inc. v. SOC, LLC,* 2013 WL 433001, at * 3 (E.D. Cal. 2013) (O'Neill, J.).

Here Plaintiff has neither alleged nor proven the elements necessary to establish any alter ego relationship between TEP and Mr. Roberts. In any case, this is not a jury issue. No claims should be presented to the jury relating to his individual liability. Judgment as a matter of law is appropriate on this record.

## VI.
## CONCLUSION

For the above reasons, Defendants respectfully move for an order of judgment as a matter of law on Plaintiff's claims for relief, which are entirely based on the existence of a partnership. Alternatively, Defendants request that if the motion is denied on the partnership issues, it be granted on claims against John Roberts individually.

Dated: November 8, 2017

Respectfully submitted,

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: /s/ Marshall C. Whitney
Marshall C. Whitney
Kristi D. Marshall
Attorneys for JOHN ROBERTS and TEXAS ENVIRONMENTAL PRODUCTS, INC.

75030-00000 4792127.2

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On November 8, 2017, I served true copies of the following document(s) described as **DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW [FED.R.CIV.P. 50]** on the interested parties in this action as follows:

Neal Costanzo Esq.
Costanzo & Associates, PC
575 E. Locust Avenue, Suite 115
Fresno, CA 93720
ncostanzo@costanzolaw.com

Attorneys for Plaintiff

**BY ELECTRONIC SERVICE (E-MAIL):** Based on a court order or an agreement of the parties to accept electronic service, my electronic service address service is elizabeth.davis@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I will electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 8, 2017, at Fresno, California.

_____
Elizabeth Sue Davis

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720