

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**AT FRESNO**

LYLE MCFARLAND

Plaintiff,                                              CASE 1:16-cv-00557 AWI EPG


vs.                                                    JURY INSTRUCTIONS GIVEN


JOHN ROBETS, ET. AL.

    Defendants.

_____/


      The attached Jury Instructions comprise all of the instructions given to the trial jurors by Senior United States District Judge in the above-entitled case.


          /s/ WKusamura

          W. Kusamura

          Courtroom Deputy

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL ELIA, individually and as Successor Trustee to the Alan Elia Declaration of Trust Dated March 18, 2002,<br><br>             Plaintiff<br><br>         v.<br><br>JOHN ROBERTS, and individual; TEXAS ENVIRONMENTAL PRODUCTS, INC., a Texas corporation; and TEXAS ENVIRONMENTAL PRODUCTS, a partnership, joint venture or other form of business organization unknown, and DOES 1 through 20, inclusive,<br><br>             Defendants | CASE NO. 1:16-cv-0557 AWI EPG<br><br>JURY INSTRUCTIONS |

1    Members of the jury: Now that you have heard all of the evidence, it is my duty to instruct
2 you on the law that applies to this case.

3    A copy of these instructions will be sent to the jury room for you to consult during your
4 deliberations.

5    It is your duty to find the facts from all the evidence in the case. To those facts you will
6 apply the law as I give it to you. You must follow the law as I give it to you whether you agree
7 with it or not. And you must not be influenced by any personal likes or dislikes, opinions,
8 prejudices, or sympathy. That means that you must decide the case solely on the evidence before
9 you. You will recall that you took an oath to do so.

10    Please do not read into these instructions or anything that I may say or do or have said or
11 done that I have an opinion regarding the evidence or what your verdict should be.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that a partnership was formed between Alan Elia and John Roberts and/or Texas Environmental Products, Inc. He/it/they breached their fiduciary duty to Alan Elia or the Trustee of the Alan Elia Trust by retaining, taking, concealing, or appropriating Alan Elia's share of the profits of the partnership for 2015 and by selling the assets of the partnership business and failing to account and pay to the Trustee Elia's share of the 2015 profits or the proceeds of the sale of the assets of the business. The plaintiff has the burden of proving these claims.

The defendants deny those claims and instead contend that no partnership existed. Instead, Alan Elia sold fertilizer as an independent contractor, not as an owner.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence;

3.  any facts to which the parties have agreed; and

4.  any facts that I may instruct you to accept as proved.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that was excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence has been received only for a limited purpose; when I instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

7

Some evidence has been admitted only for a limited purpose.

When I instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question could be answered or the exhibit could be received. If I sustained the objection, the question could not be answered, or the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes, I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You were permitted to take notes to help you remember the evidence. If you took notes, please keep them to yourself until you go to the jury room to decide the case. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

From time to time during the trial, it might have been necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence had to be treated under the rules of evidence and to avoid confusion and error.

I did not always grant a party's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Trial proceeded in the following way: First, each side made an opening statement. An opening statement is not evidence. It was simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff then presented evidence, and counsel for the defendant then cross-examined. Then the defendant presented evidence, and counsel for the plaintiff cross-examined.

Evidence has now closed.  This is the law that applies to the case and the attorneys will next make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

The parties have agreed what certain witness's testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

1       A deposition is the sworn testimony of a witness taken before trial. The witness is placed

2  under oath to tell the truth and lawyers for each party may ask questions. The questions and

3  answers are recorded. When a person is unavailable to testify at trial, the deposition of that person

4  may be used at the trial.

5       The deposition of Belinda Elia was taken on April 21, 2017. Insofar as possible, you

6  should consider deposition testimony, presented to you in court in lieu of live testimony, in the

7  same way as if the witness had been present to testify.

8       Do not place any significance on the behavior or tone of voice of any person reading the

9  questions or answers.

16

The evidence that a witness is being untruthful may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

You have heard testimony from various expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

All parties are equal before the law and a corporation or partnership is entitled to the same fair and conscientious consideration by you as any party.

1       Under the law, a corporation is considered to be a person. It can only act through its

2  employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its

3  employees, agents, directors, and officers performed within the scope of authority.

An independent contractor is a person who performs services for another person under an express or implied agreement and who is not subject to the other's control of, or right to control, the manner and means of performing the services.

A partnership is an association of two or more persons to carry on a business as co-owners. The members of a partnership are called partners.

The association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership.

A "business" includes every trade, occupation, and profession.

A "partnership agreement" means the agreement, whether written, oral, or implied, among the partners concerning the partnership, including amendments to the partnership agreement.

A "person" means an individual, corporation, estate, or limited liability company.

A partnership is an entity distinct from its partners.

A partnership is a form of agreement or contract.  In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all the circumstances of the case.

Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract.

The undisclosed or subjective intent of one person is insufficient to create a partnership.

In determining whether a partnership is formed, the sharing of gross returns does not by itself establish a partnership.

In determining whether a partnership is formed, a person who receives a share of the profits of a business is presumed to be a partner in the business, unless the profits were received in payment for services as an independent contractor or of wages or other compensation to an employee.

The ultimate test of the existence of a partnership is the intention of the parties to carry on a definite business as co-owners. Such intention may be determined from the terms of the parties' agreement, conduct, or from the surrounding circumstances.

In considering the intention of the parties, you may take into account:

1. Sharing profits;

2. Sharing losses;

3. Management of the business;

4. Co-ownership of partnership property; and

5. The context of the use of the term "partner."

A partner owes what is known as a fiduciary duty to his partner. A fiduciary duty imposes on a partner a duty to act with the utmost good faith in the best interests of his partner.

When there are only two members of a partnership and one member withdraws or dies, the partnership dissolves.  The dissolution does not terminate the partnership which continues until the winding up of the partnership affairs is completed.

A partner's duty of loyalty to the partnership and the other partner includes the duty to account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership property or information.

The surviving partner's duty of loyalty extends to the trustee of the deceased partner's trust.

Ariel Elia, as the trustee of the Trust, claims that Alan Elia and/or Cosgrove LLC was harmed by John Roberts's and/or Texas Environmental Products, Inc.'s breach of the fiduciary duty of loyalty.  A partner owes his partner undivided loyalty. To establish this claim, Ariel Elia must prove all of the following:

1. That John Roberts and/or Texas Environmental Products, Inc. was Alan Elia's and/or Cosgrove LLC's partner;

2. That John Roberts and/or Texas Environmental Products, Inc. knowingly acted against Alan Elia's and/or Cosgrove LLC's interests in connection with carrying on the business operation of and then selling the assets of Texas Environmental Products, Inc. without splitting the profits and proceeds with Alan Elia and/or Cosgrove LLC;

3. That Ariel Elia, as the trustee of the Trust and/or Alan Elia and/or Cosgrove LLC did not give informed consent to John Roberts's and/or Texas Environmental Products, Inc.'s conduct;

4. That Alan Elia and/or Cosgrove LLC was harmed; and

5. That John Roberts's and/or Texas Environmental Products, Inc.'s conduct was a substantial factor in causing Alan Elia's and/or Cosgrove LLC's harm.

If you decide that Ariel Elia, as the trustee of the Trust, has proved her claim against John Roberts and/or Texas Environmental Products, Inc., you also must decide how much money will reasonably compensate Ariel Elia, as the trustee of the Trust, for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by John Roberts's and/or Texas Environmental Products, Inc.'s wrongful conduct, even if the particular harm could not have been anticipated.

Ariel Elia, as the trustee of the Trust, does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Ariel Elia, as the trustee of the Trust:

1. 50% of the profits derived by operation of the business in Calendar Year 2015; and

2. 50% of the proceeds of the sale of the assets of Texas Environmental Products, Inc.

Ariel Elia, as trustee of the Trust, claims that Alan Elia and John Roberts and/or Texas Environmental Products, Inc. entered into a contract granting Alan Elia sales commissions in return for his aid in selling John Roberts's and/or Texas Environmental Products, Inc.'s fertilizers.

Ariel Elia, as trustee of the Trust, claims that John Roberts and/or Texas Environmental Products, Inc. breached this contract by failing to pay Alan Elia commissions for his sales in January and February 2015.

Ariel Elia, as trustee of the Trust, also claims that John Roberts and/or Texas Environmental Products, Inc.'s breach of this contract caused harm to Alan Elia and/or the Trust, for which John Roberts and/or Texas Environmental Products, Inc. should pay.

To recover damages from John Roberts and/or Texas Environmental Products, Inc. for breach of contract, Ariel Elia, as trustee of the Trust, must prove all of the following:

1. That Alan Elia and John Roberts and/or Texas Environmental Products, Inc. entered into a contract;

2. That Alan Elia did all, or substantially all, of the significant things that the contract required him to do;

3. That Ariel Elia, as trustee of the Trust, was harmed; and

4. That John Roberts's and/or Texas Environmental Products, Inc.'s breach of contract was a substantial factor in causing Ariel Elia, as trustee of the Trust, harm.

If you decide that Ariel Elia, as trustee of the Trust, has proved her claim against John Roberts and/or Texas Environmental Products, Inc. for breach of contract, you also must decide how much money will reasonably compensate Ariel Elia, as trustee of the Trust for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Ariel Elia, as trustee of the Trust, in as good a position as she would have been if John Roberts and/or Texas Environmental Products, Inc. had performed as promised.

To recover damages for any harm, Ariel Elia, as trustee of the Trust, must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Ariel Elia, as trustee of the Trust, also must prove the amount of her damages according to the following instructions. She does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Ariel Elia, as trustee of the Trust, claims damages for compensation promised to Alan Elia for his sales of fertilizer in January and February 2015.

1        To recover damages for the breach of a contract to pay money, Ariel Elia, as trustee of the
2   Trust, must prove the amount due under the contract.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

1  The arguments of the attorneys are not evidence of damages. Your award must be based on

2  your reasoned judgment applied to the testimony of the witnesses and the other evidence that has

3  been admitted during trial.

You must not include in your award any damages to punish or make an example of John Roberts and/or Texas Environmental Products, Inc. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Ariel Elia, as trustee of the Trust, for her loss.

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until after you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have the case decided only on the evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise court personnel that you are ready to return to the courtroom.