# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARIEL ELIA, individually and as Successor Trustee to the Alan Elia Declaration of Trust Dated March 18, 2002,**<br><br>**Plaintiff**<br><br>v.<br><br>**JOHN ROBERTS, and individual; TEXAS ENVIRONMENTAL PRODUCTS, INC., a Texas corporation; and TEXAS ENVIRONMENTAL PRODUCTS, a partnership, joint venture or other form of business organization unknown, and DOES 1 through 20, inclusive,**<br><br>**Defendants** | **CASE NO. 1:16-cv-0557 AWI EPG**<br><br>**ORDER RE: MOTION FOR INTERLOCUTORY APPEAL**<br><br>(Doc. 145) |

## I. Background

Defendant John Roberts ("Roberts") founded and owned Texas Environmental Products, Inc. ("TEP Inc.") which manufactured and sold fertilizer. Alan Elia ("Alan Elia") sold fertilizer in the Fresno area on behalf of Defendants starting in 2004. Defendants assert that Alan Elia was an independent contractor who worked on commission. Plaintiff asserts that Alan Elia formed a partnership with Roberts; the partnership conducted business as a new entity also named Texas Environmental Products ("TEP Partnership"). Throughout their business relationship, Roberts handled the manufacturing of the fertilizer and Alan Elia handled all of the sales. Defendants and Alan Elia roughly split the profits from the business each year. Alan Elia died at the end of February 2015. Roberts continued the sale of fertilizer in this area and sold TEP Inc. in December 2015.

Alan Elia created a trust in 2002 ("Trust") whose beneficiaries are his children Ariel and Britz Elia ("Beneficiaries"). Alan Elia's interest in the business relationship with Defendants belongs to the Trust. Alan Elia was the original trustor/trustee. Robyn Esraelian was the attorney who represented the Trust. After Alan Elia's passing, Harold Zinkin ("Zinkin") became the trustee. In 2015, Zinkin and Esraelian communicated with Roberts about monies owed to the Trust. They attempted to reach a settlement based on an understanding that Alan Elia was an independent contractor. However, the Beneficiaries opposed the settlement, arguing that Alan Elia was a partner. Based on this difference of opinion, the Beneficiaries and Zinkin agreed that Ariel Elia would replaced Zinkin as the trustee.

In February 2016, Plaintiff Ariel Elia, both in her personal capacity and as the trustee for the Trust, filed suit against Defendants on claims of accounting, breach of fiduciary duty (to the partnership), and declaratory relief. Plaintiff contends that the December 2015 sale also encompassed TEP Partnership. Defendants contend that TEP Partnership does not exist. Additionally, Plaintiff sought an additional double damages penalty under Cal. Prob. Code § 859 for a bad faith breach of fiduciary duty to a trust. Plaintiff proceeded under two theories of monetary relief. First, under the theory that Alan Elia was a partner, Plaintiff sought 50% of the profits from fertilizer sales in 2015 and 50% of the proceeds from the sale of TEP Partnership. Second, under the theory that Alan Elia was an independent contractor, Plaintiff sought the commission on any sales. The second theory was not clearly part of Plaintiff's complaint or joint pretrial statement. See Docs. 1 and 32. The court permitted Plaintiff to amend claims to conform to evidence.

An eight day jury trial was held, starting October 31, 2017. The jury found that Alan Elia and Roberts did not have a partnership agreement but that Alan Elia was in a contractual relationship with TEP Inc. and was owed commission on sales made; the jury awarded Plaintiff $452,937.64. Doc. 105. That amount is roughly equivalent to 50% of the profits from the entirety of 2015. In post trial motions, both parties made motions to amend judgment. Docs. 108, 117, and 118. In key part, Defendants' motion for remittitur was granted. Plaintiff's monetary award was reduced by five-sixth to $75,489.61 to correspond to a 50% share of profits from January and

February 2015; Plaintiff was given the option of accepting the reduced award or the option of a new trial on the issue of damages from breach of sales commission contract. Doc. 132. Plaintiff opted for a new trial and made a motion for reconsideration. Docs. 133 and 134. The motion was denied. Doc. 141. Plaintiff has now made a motion seeking interlocutory appeal. Doc. 145. Defendants oppose the motion. Doc. 146.

**II. Legal Standard**

Title 28 U.S.C. § 1292(b) states "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." The Ninth Circuit has listed the requirements for such a certification as: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). Overall, Congressional legislative history "indicates that [interlocutory appeal] was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).

**III. Discussion**

Remittitur was granted because the jury did not follow the jury instructions and verdict form correctly. The jury was directed to determine the amount of commissions Alan Elia earned

1  for sales made in January and February 2015.  As stated in prior orders, the parties agree that the
2  jury decided to award Plaintiff approximately 50% of the profit for the full 2015 year instead of
3  commissions limited to January and February of that year. See Doc. 117-1, 6:23-7; Doc. 122,
4  3:26-6:18.  Plaintiff disagrees with the court's ruling on two points.  First, Plaintiff argues that the
5  instructions and verdict form do not limit the damages award to January and February 2015.
6  Plaintiff's interpretation is that "everywhere the phrase January and February 2015 is used in the
7  instructions or verdict form the instruction or questions relates to a description of a claim being
8  made by Plaintiff, not to how damages are calculated or to determining what the terms of the
9  implied-in-fact contract are which, as noted, necessarily determines the amount of damages
10 available." Doc. 146, 9:27-10:3.  Second, Plaintiff argues the court used the wrong standard to
11 find that remittitur was appropriate.  Plaintiff is correct that this court relied on out of circuit
12 authority to come to this conclusion.  "Failure by the jury to follow the court's instructions, which
13 results in prejudice to the moving party, is a proper ground for a new trial." AlphaMed Pharm.
14 Corp. v. Arriva Pharm., Inc., 432 F. Supp. 2d 1319, 1356 (S.D. Fla. 2006), citing Shushereba v.
15 R.B. Industries, Inc., 104 F.R.D. 524, 529 (W.D. Pa. 1985); Anderson v. Breazeale, 507 F.2d 929
16 (5th Cir. 1975); Thomas v. Stalter, 20 F.3d 298, 303 (7th Cir. 1994); J.A. Jones Constr. Co. v.
17 Steel Erectors, Inc., 901 F.2d 943, 944 (11th Cir. 1990).  This precedent seems to fit within the
18 Ninth Circuit standards which state that a court "will not reverse the jury's assessment of the
19 amount of damages unless the amount is grossly excessive or monstrous, or unless the evidence
20 clearly does not support the damage award.  A damage award also cannot stand if it could only
21 have been based on speculation or guesswork." Blanton v. Mobil Oil Corp., 721 F.2d 1207, 1216
22 (9th Cir. 1983), citations omitted.  In this case, because the jury did not follow the instructions and
23 verdict form, the damage award was not supported by the evidence.
24      Defendants argue that the grant of remittitur is not a controlling questions and that it is a
25 mixed question of law and fact which renders it inappropriate for interlocutory appeal.  This court
26 disagrees.  If the Ninth Circuit were to find that remittitur was improperly granted, no new trial
27 would need to be held.  An issue which could immediately end the case is a controlling question of
28 law. See Nat'l Ass'n of African-American Owned Media v. Charter Communs., Inc., 2016 U.S.

Dist. LEXIS 185867, *11 (C.D. Cal. Dec. 12, 2016).  Such a ruling would clearly advance the ultimate termination of this suit.  The question of remittitur is also an issue of law in this case.  "[W]hile the Ninth Circuit has apparently not had occasion to address the issue, many courts have found the question of law must be a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." Aldapa v. Fowler Packing Co., 2016 U.S. Dist. LEXIS 115064, *3 (E.D. Cal. Aug. 26, 2016), citing Ahrenholz v. Board of Trustees of the Univ. of Ill., 219 F.3d 674, 675-77 (7th Cir. 2000); but see Dalie v. Pulte Home Corp., 636 F. Supp. 2d 1025, 1028 (E.D. Cal. 2009) ("the Ninth Circuit Court of Appeals has never embraced the rule that only pure legal questions are controlling questions of law under § 1292(b)").  Here, the parties have agreed to that the jury's award was based on sales for the full 2015 year; there is no dispute in that regard.  The relevant jury instructions and verdict form constitute approximately a dozen pages of text.  They constitute an extremely limited record for review.  What the instructions and verdict form required of the jury and the appropriate standard for remittitur constitutes a compact question suitable for interlocutory appeal review.  Whether to adopt precedent from outside the circuit can qualify as a substantial difference of opinion. See Rancheria v. Salazar, 2010 U.S. Dist. LEXIS 23317, *38-39 (N.D. Cal. Feb. 23, 2010) ("substantial grounds for difference of opinion may exist where there is 'a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits'").  The grant of remittitur qualifies for interlocutory appeal certification.

      The scope of the new trial was limited to a consideration of damages under the breach of contract claim. Doc. 132, 11:10-13.  Plaintiff's request for a new trial on all issues, including liability for breach of partnership agreement, was denied. Doc. 141, 8:2.  In opposition, Defendants assert that "Plaintiff further requests that the Appellate Court be able to review the limitations placed on the new trial – permitting only a trial on the amount of damages." Doc. 147, 4:9-10.  The court does not find such a request to be encompassed in either the notice, the moving brief, or the reply brief. See Docs. 145, 146, and 148.  Plaintiff does not make a direct request for review of that aspect of the orders or brief how that issue would meet the interlocutory appeal standard.  Therefore, the court does not address Defendants' arguments in opposition with respect

to the scope of the new trial.

### IV. Order

Plaintiff's motion for certification of an interlocutory appeal is GRANTED.

IT IS SO ORDERED.

Dated: December 23, 2019

_____
SENIOR DISTRICT JUDGE